IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAIDSTONE ON THE POTOMAC, LLC
AND BLAIR ROCK, LLC

        Plaintiffs,

v.                                                               Civil Action: 3:08-CV-155

CSX TRANSPORTATION, INC.,

        Defendant.

## MEMORANDUM, OPINION, AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE EXHIBITS AND PORTIONS OF EXHIBITS SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On June 19, 2009 came the above named Plaintiffs, by Charles F. Printz, Esq., via telephone, and Defendant, by Richard J. Magid, Esq., and Robert E. Rockwell, Esq., via telephone, for an evidentiary hearing and argument on Defendant's Motion to Strike Exhibits and Portions of Exhibits Submitted by Plaintiffs in Opposition to Defendant's Motion for Summary Judgment. Testimony was not taken, and no other evidence was introduced.

### I. Introduction

A.    Procedural Background

Defendant filed its motion on May 29, 2009.[1] Plaintiffs filed their response on June 12, 2009.[2] Defendant then filed a reply on June 16, 2009.[3] This Court held an evidentiary hearing

---

[1] Docket No. 53

[2] Docket No. 58

[3] Docket No. 59

and argument regarding the motion on June 14, 2007.[4] Following the hearing, Defendant filed a Supplemental Memorandum briefing the applicability of Federal Rule of Evidence 902(7).[5] Thereafter, Plaintiffs filed their Supplemental Response.[6]

B.     The Motion

Defendant's Motion to Strike Exhibits and Portions of Exhibits Submitted by Plaintiffs in Opposition to Defendant's Motion for Summary Judgment.[7]

C.     Decision

Defendant's Motion to Strike Exhibits and Portions of Exhibits Submitted by Plaintiffs in Opposition to Defendant's Motion for Summary Judgment is DENIED because while the Thrasher Survey is not a material document and need not be authenticated, Plaintiffs nevertheless submitted an affidavit properly authenticating the document. Regardless of the admissibility of the Thrasher Report itself, any writings placed thereon by the affiant, one Roy V. Mish, are admissible for purposes of the summary judgment motion because Mr. Mish's affidavit is sworn testimony that the notes and drawings accurately reflect his personal knowledge of the subject property. Furthermore, the conflicting testimony of Mr. Mish, if any there be, is an issue for the trier of fact, or in this case, the District Court on the motion for summary judgment. Lastly, the relevance of the Affidavit of Joseph E. Link is for consideration by the District Court on the merits of Defendant's Motion for Summary Judgment.

---

[4] Docket No. 60

[5] Docket No. 63

[6] Docket No. 64

[7] Docket No. 53

II. Facts

Plaintiff, Maidstone on the Potomac, LLC, ("Maidstone") filed this action in the Circuit Court of Berkeley County, West Virginia on September 9, 2008. Defendant removed the action to this Court on October 16, 2008. This case arises from a dispute over a right-of-way owned by Defendant CSX Transportation, Inc. ("CSX") that crosses Maidstone's property. Maidstone alleges that neither CSX, who is the successor in interest in the right-of-way to WN&M Railroad ("WN&M"), nor WN&M have ever utilized or maintained the right-of-way since 1916. Maidstone alleges that the 1913 deed conveying the right of way to WN&M is extraordinarily vague and makes the borders of the right-of-way undeterminable. Maidstone further alleges that the right-of-way has been abandoned by CSX and its predecessor and the existence of the right-of-way impairs the use and future development of Maidstone's property. Maidstone requests that the Court grant it declaratory relief by determining that CSX's right-of-way is abandoned.

Defendant CSX filed its Motion to Strike after Plaintiffs filed their Response to CSX's motion for summary judgment. This Court set an evidentiary hearing and argument for June 19, 2009.[8] The hearing was held on that date.

III. The Motion

A. Contentions of the Parties

Defendant contends that Plaintiffs have submitted affidavits and a number of documents as attachments to their Response to Defendant's Motion for Summary Judgment. Defendant argues that Plaintiffs should not be permitted to rely upon these documents in support of its response to CSX's motion for summary judgment. Defendant argues that, pursuant to Rule 56(e)

---

[8] Docket No. 56.

of the Federal Rules of Civil Procedure, affidavits and documents submitted in opposition to a motion for summary judgment must be based on personal knowledge and set out facts that would be admissible in evidence at trial. See Witcher v. Bayer Cropscience USA, LP, 208 U.S. Dist. LEXIS 107969, 18-19 (S.D. W.Va.).

More specifically, Defendant maintains that Exhibit A to Plaintiff's Response to Defendant's Motion for Summary Judgment, described as the "Thrasher Engineering Survey," and Exhibit B, titled "Responsive Affidavit of Roy V. Mish," are not independently authenticated as required by Rule 901 of the Federal Rules of Evidence. Furthermore, Defendant argues that Exhibit E, described as "Second Affidavit of Joseph E. Link," is irrelevant to the issues in the present case within the meaning of Federal Rule of Evidence 401.

Plaintiffs argue that Roy V. Mish's testimony is not inconsistent. Plaintiffs maintain that where conflicting inferences may be drawn from the evidence, summary judgment is inappropriate. Prince v. Pittston Co., 63 F.R.D. 28, 32 (S.D. W.Va. 1974) (referencing 3 Barron & Holtzoff, Federal Practice & Procedure § 1234 (Rules ed. 1958)). Furthermore, Plaintiffs contend that even if this Court strikes the testimony that Defendant seeks to exclude, the remaining evidence proffered clearly creates an issue of fact rendering judgment as a matter of law inappropriate.

Plaintiffs addressed Defendant's argument regarding Federal Rule of Evidence 901 by referencing Rule 902(1) and claiming that this rule obviates the need for additional extrinsic evidence of authenticity because exhibit A qualifies as a domestic public document under seal. Plaintiffs contend that the "Thrasher Survey" qualifies as a domestic public document under seal. Lastly, Plaintiffs argue that the Affidavit of Joseph E. Link should not be precluded from this

Court's consideration at this time because the argument is better suited for consideration of the merits of Defendant's Motion for Summary Judgment.

C.   Discussion

   1. Defendant's Challenge to Portions of Plaintiffs' Response

The procedure for a party to challenge documents or other materials in support of or in opposition to a motion for summary judgment is a motion to strike. In re Independent Service Organizations Antitrust Litigation, 85 F. Supp.2d 1130 (D. Kan. 2000). The motion to strike must be specific. FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). Here, Defendant has properly filed a motion to strike, which specifically addresses the portions of Plaintiffs' response complained of.

   2. Thrasher Engineering Survey

Defendant argues that the Thrasher Engineering Survey has not been independently authenticated as required be Rule 901 of the Federal Rules of Evidence and should therefore be stricken and not considered by this Court in ruling upon Defendant's Motion for Summary Judgment.

At the hearing, the Undersigned asked both parties to further brief the issue of whether the Thrasher Engineering Survey had been properly authenticated. Specifically, the Court asked that the parties examine the applicability of F.R.E. 902(7). Defendant argued that the document is not self-authenticating under F.R.E. 902(1) and that F.R.E. 902(7) is inapplicable to the Thrasher Engineering Survey.

Both parties agree, and the Court concedes that F.R.E. 902(7) is inapplicable to the Thrasher Survey in the instant case. However, the Court finds that it may consider the Thrasher

Survey for the reasons outlined below.

First, CSX is correct that a court deciding a summary judgment motion may not rely upon unauthenticated documents filed as addenda to the motion or opposition. See Vukadinovich v. Board of School Trustees, 776 F. Supp. 1325, 1326 (N.D. Ind. 1991), aff'd 978 F.2d 403 (7th Cir. 1992). The purpose of the authentication requirement is to ensure the reliability and veracity of evidence. Rule 901 sets forth the authentication requirement. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901(a). However, only material documents need be authenticated. The facts must be established through one of the vehicles designed to ensure reliability and veracity...depositions, answers to interrogatories, admissions and affidavits. When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence. Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir. 1985). Here, the reliability and veracity of the Thrasher Survey on its face is not at issue. The Thrasher Survey itself is not a material document. It is merely the paper on which Mr. Mish made notes to illustrate his testimony. It is no different than if the notes were drawn on a hand drafted map. Neither the Thrasher Survey nor a hand drafted map is evidence. The Thrasher Survey is merely the place where Mr. Mish illustrated his testimony.

In addition, the non movant need not produce evidence that is in a form admissible at trial, but rather the content or substance of the evidence must be admissible at trial. Thomas v. IBM Corp., 48 F.3d 478, 485 (10th Cir. 1995). A non movant can survive a motion for summary judgment by producing evidence in a nonadmissible form that will be admissible at trial.

Waldredge v. American Hoechst Corp., 24 F.3d 918, 920-21 (7th Cir. 1994).

Finally, even if Plaintiffs were attempting to admit the Thrasher Survey as evidence separate and apart from Mr. Mish's handwritten notes and drawings, Exhibit C to Plaintiffs' Response in Opposition to Motion to Strike[9] is an Affidavit of Kurt L. Newbrough. Mr. Newbrough's affidavit serves to authenticate the Thrasher Report prepared by Mr. Matheny. "To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e), and the affiant must be a person through whom the exhibits could be admitted into evidence. Vukadinovich, 776 F. Supp. at 1326 (citing 10A C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 2722 (2d. ed. 1983)). Mr. Newbrough's affidavit cures any problem there may have been with regards to the Thrasher Report. He has testified that the document is what it appears to be. No more is needed to authenticate the Thrasher Survey.

### 3. Responsive Affidavit of Roy V. Mish

Defendant wishes to have certain portions of Mr. Mish's affidavit stricken for various reasons. Defendant argues that Mr. Mish did not independently authenticate the Thrasher Survey and therefore any handwritten notes made by Mr. Mish on the Thrasher Survey must be stricken because the Thrasher Survey itself is not admissible. Defendant argues that the handwritten notes are meaningless without the Thrasher Survey. The Court, for the reasons stated above, finds that the Thrasher Survey need not be authenticated, and even if it did, Mr. Newbrough's affidavit did so. Therefore, any handwritten notes made by Mr. Mish regarding his personal knowledge of the subject property are admissible as well.

---

[9] Doc. No. 60

Defendant's second argument is that Mr. Mish's second affidavit contradicts his first. It is well settled in this Circuit that "a genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the Plaintiff's testimony are correct." See Rohrbough v. Wyeth Laboratories, 916 F.2d 970, 975 (4th Cir. 1990) (quoting Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984). However, it is not for this Court to decide whether Mr. Mish's alleged conflicting testimony is a genuine issue of material fact. Furthermore, conflicting testimony is an issue for the trier of fact, or in this case, the District Court on a motion for summary judgment.

### 4. Second Affidavit of Joseph E. Link

Defendant argues that portions of the Second Affidavit of Joseph E. Link are not relevant to the issues in the present case within the meaning of Federal Rule of Evidence 401. The relevance of this Affidavit is better suited for consideration of the merits of Defendant's Motion for Summary Judgment, and should not be stricken by this Court.

### IV. Decision

Defendant's Motion to Strike Exhibits and Portions of Exhibits Submitted by Plaintiffs in Opposition to Defendant's Motion for Summary Judgment **DENIED** for the reasons set forth above.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon

such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: July 21, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE